UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

GEORGE WEGERS, et al.,

Defendants.

CASE NO. CR05-0231C

ORDER

This matter comes before the Court on numerous pretrial- and trial-scheduling matters, in particular a motion by Defendant Glenn Merritt to continue his trial date (Dkt. No. 873). Having considered the memoranda and supporting papers submitted by all parties, and carefully considering the complete record in this matter, the Court finds and orders as follows.

I. **TRIAL-SCHEDULING MATTERS FOR RICO DEFENDANTS**

With six defendants remaining active in this case, the papers filed by all parties relating to trial scheduling suggest that there are now only two separate groups of defendants for which trials must be scheduled—setting aside for the moment the pending severance motions. The Court has continued this trial twice already: on July 26, 2005, the Court made findings that, based on the size and complexity of this case and the stipulations of all defendants, the ends of justice mandated a trial continuance from August 1, 2005 to January 9, 2006. (Dkt. No. 233.) And in November 2005, the Court split the

ORDER – 1

defendants into seven separate groups for trial and set the largest trial for April 10, 2006, with a pretrial motions deadline of February 27, 2006. (Dkt. No. 720.)

  A.  *RICO Defendants*

  Defendant Glenn Merritt now requests a trial date sometime in September 2006 for himself and all remaining defendants with whom he had been previously joined for trial: Wegers, Anderson, Granmo, and Ortman. (Dkt. No. 614.) Each of these five defendants is charged in Counts 1 and 2 with RICO and conspiracy to commit RICO, respectively. (FSI 9–15.) Merritt's motion requests a substantial trial continuance based on a number of factual matters. Reviewing those factual allegations, many of which the Court cited in its previous trial-scheduling order in November, and engaging in a renewed consideration of the overall facts and circumstances in this case, the Court finds as follows:

  1. This is a sprawling, multi-defendant case alleging an increasingly complex racketeering enterprise encompassing multiple interlocking conspiracies, including conspiracies to commit murder, kidnapping, extortion, witness tampering, vehicle trafficking, and methamphetamine distribution.

  2. This case resulted from a multi-jurisdictional investigation spanning approximately two-and-a-half years, spawning voluminous amounts of discovery materials seized from numerous locations, including wire-tap transcripts, documentary evidence, and the output of seized computers. The transcription of the wire-tap tapes has required substantially more time than the parties originally anticipated.

  3. The preceding two findings demonstrate that this case is so complex as to the number of defendants and the nature of the prosecution that it would be unreasonable to expect adequate pretrial preparation for pretrial proceedings or the trial itself on the present schedule. *See* 18 U.S.C. § 3161(h)(8)(B)(ii).

  4. The defendants have engaged in substantial pretrial motions practice, measured by the quantity and complexity of the motions filed over the preceding months. There appears no

ORDER – 2

indication that the pace of the pretrial motions practice, particularly evidentiary motions, will subside in the near future.

5. A continuation of the pretrial motions date past the current trial date would ensure that the defendants have sufficient opportunity to examine all discovery materials, and prepare and respond to all appropriate pretrial motions. *See id.*

6. Wegers, Merritt, Granmo, Ortman, and Anderson remain in pretrial custody at the Federal Detention Center in SeaTac, Washington, and have experienced delays accessing and reviewing pertinent discovery materials and meeting with counsel.[1]

7. The preceding three findings demonstrate that the failure to grant the requested continuance in this case would deny counsel reasonable time necessary for effective preparation, even taking into account their exercise of due diligence. *See id.* § 3161(h)(8)(B)(iv).

8. Each of the preceding findings demonstrates that the failure to grant the requested continuance would be likely to result in result in a miscarriage of justice. *See id.* § 3161(h)(8)(B)(I).

For these reasons, the Court finds that the need for a continuance, and the ends of justice served thereby, outweighs the best interests of Merritt and the public in a trial at an earlier date. *See* 18 U.S.C. § 3161(h)(8)(A). Accordingly, subject to Merritt promptly filing an appropriate speedy trial waiver, the Court will GRANT Merritt's motion and set a trial date of September 25, 2006, with a pretrial motions deadline of July 21, 2006.

Each of Merritt's remaining four co-defendants have filed responses to his request for a continuance: Anderson agrees that a continuance is proper but seeks a trial date in July or August; Wegers also agrees with a continuance, but only until July; and Ortman and Granmo seek a trial date no

---

[1] The defendants' separatee status at FDC SeaTac is the subject of a separate pending motion. (*See* Dkt. No. 854.)

ORDER – 3

later than May.[2] (*See* Dkt. Nos. 882, 886, 889, 906.) As the Court has stated previously, when the interests of justice mandate a continuance as to one defendant, a district court may continue the trial date for a reasonable amount of time as to joined co-defendants. *See* 18 U.S.C. § 3161(h)(7); *see also United States v. Messer*, 197 F.3d 330, 338 (9th Cir. 1999). Among the factors to be considered in this analysis are whether (1) the "sheer length of the delay" is so egregious as to suggest unreasonableness; (2) the delay increases the likelihood of conserving judicial resources via a joint trial; (3) the defendant has moved to sever his trial or otherwise asserted his Speedy Trial rights; (4) the defendant remains in pretrial detention; and (5) the likelihood that the delay will cause actual prejudice. *Messer*, 197 F.3d at 337–40. "In sum, the proper test is whether the totality of the circumstances warrants a conclusion that the delay [is] unreasonable." *Id.* at 338.

Addressing each of these factors, the Court finds first that an additional continuance is reasonable as to the remaining RICO Defendants. The continued trial date ensures that the defendants will be tried within fifteen months of the initial indictment, despite a substantial expansion of the case resulting from the SSI and the volume and complexity of wire-tap and other evidence produced (and yet to be produced) by the government. Second, carrying along these defendants ensures that all RICO Defendants will be tried jointly, thereby effectuating the purpose of § 3161(h)(7) and conserving substantial judicial resources. Finally, the Court recognizes that the defendants have asserted their Speedy Trial rights via objections to the continuance and severance motions, and that each of the RICO Defendants remains in pretrial detention. However, given the reasonable length of the delay, the principle that defendants jointly charged should be jointly tried, and the substantial evidentiary and motions practice yet to be completed before trial, the Court cannot conclude that the continuance will cause substantial prejudice. For these reasons, the Court finds that a continuance of the trial date to September 25, 2006, for all defendants is reasonable under "the totality of the circumstances." *Messer*, 197 F.3d

---

[2] These defendants have also filed motions to sever, which the Court addresses *infra*.

ORDER – 4

at 338; 18 U.S.C. § 3161(h)(7).  Thus, subject to the defendants' severance motions, the Court will continue the trial date as to George Wegers, Glenn Merritt, Bernard Ortman, Dale Granmo, and Britt Anderson.

## II. MOTIONS TO SEVER

### A.  Granmo's Motion to Sever Count 9

Of the five RICO Defendants joined for trial in the Court's previous scheduling order, each has filed or joined in motions to sever portions of the trial.[3]  First, Granmo has moved to sever the trial on Count 9 of the SSI, which charges co-defendants Wegers, Ortman, and Horlock with a witness-tampering conspiracy.  Wegers and Ortman have joined Granmo's motion.  In the same manner as Count 6 in the First Superseding Indictment, Count 9 alleges that from April through June 2005, the charged defendants, along with other unnamed co-conspirators, "did conspire and agree to corruptly persuade, with the intent to cause or induce, another person to hinder, delay, or prevent the communication of information relating to the commission or possible commission of a federal offense to a law enforcement officer." (SSI 18.) The conspiracy relates to certain Bandidos' communications with Wegers and their refusal to provide information regarding the kidnapping charged in Counts 5 through 8.  (*See id.*)  The witness-tampering conspiracy is also incorporated into the RICO charges in Count 1: Wegers and Ortman allegedly conspired to conduct the affairs of the Bandidos racketeering enterprise through a pattern of racketeering activity, including the witness-tampering conspiracy described in Racketeering Act 5.  (*Id.* 10–12.) Granmo is not charged in Count 1, but is named in Count 2 as having conspired and agreed that a co-conspirator would carry out at least two of the ten racketeering acts detailed in Count 1.[4]  (SSI 14.) These Racketeering Acts have been reincorporated into the SSI.

---

[3] The Court will STRIKE Horlock's severance motion (Dkt. No. 879) without prejudice to refile in the event he withdraws his plea.

[4] Granmo is accused of agreeing that Racketeering Acts 4 and 5 of the First Superseding Indictment would be carried out.  (*See* Dkt. No. 607 Ex. 1.)

ORDER – 5

Granmo moves for severance under Rules 8(b) and 14(a), arguing respectively that Count 9 is misjoined with the other counts in the SSI and that a joint trial with Count 9 would create incurable prejudice. As to Granmo's first argument, Rule 8(b) provides that an indictment may join multiple defendants only if each has "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). The Court has, in numerous prior orders, made findings that the kidnapping charges in Counts 5 through 8, as well as the witness-tampering conspiracy in Count 9, are sufficiently related to the common racketeering scheme alleged in Counts 1 and 2 to be joined in a single indictment. (*See* Dkt. Nos. 580, 611, 725, 733.) Based on the allegations in the SSI, the Court must again conclude that the evidence supporting the existence, means, and goals of the Bandidos racketeering enterprise will predominate as to each of Counts 5 through 9. At least at this stage of the case, the government has sufficiently alleged that Granmo and his co-defendants in Counts 2 and 5 through 9 have participated in series of transactions constituting an overall RICO offense. Count 9 is therefore properly joined with Counts 5 through 8 in the SSI.

As to Granmo's second argument, Rule 14(a) provides for severance "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a). Rule 14 is designed "promote economy and efficiency and avoid multiplicity of trials, [so long as] these objectives can be achieved without *substantial* prejudice to the right of the defendants to fair trial." *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993). Importantly, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *See also id.* at 539 ("[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."). Given these policies, a motion for severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." *Id.* at 538.

On the present record, each of the moving defendants has failed to demonstrate that a joint trial with the co-defendants charged in Count 9 will lead to incurable prejudice. Defendants argue that

ORDER – 6

permitting evidence on the witness-tampering allegations will taint the trial by casting as inculpatory statements what Defendants characterize as their recommendations to each other to exercise their constitutional right to silence. (Mot. 7.) As the Court stated in its order denying dismissal of the witness-tampering count, the Court cannot make pretrial findings of fact that would support Defendants' arguments; without hearing Defendants' wire-tapped conversations and making findings of fact, the Court cannot determine whether Defendants agreed to "corruptly persuade" others to remain uncooperative with the federal investigation of the Montana kidnapping charge. (*See* Dkt. No. 733.)

Defendants are correct that they ought not be penalized at trial for exercising their Fifth Amendment privilege against self incrimination. *See United States v. Velarde-Gomez*, 269 F.3d 1023, 1028 (9th Cir. 2001). However, there is no means of proceeding to trial on Count 9 at all if the mere possibility of prejudice were sufficient; at some point the fact finder must decide whether Defendants' comments constituted corrupt persuasion or something more innocuous. Given this inevitability, Defendants have not shown that careful limiting instructions cannot reduce the likelihood of prejudice. Accordingly, the Court finds that Defendants have not established that absent severance, their ability to exercise a specific trial right will be substantially prejudiced.

For these reasons, Granmo's motion to sever the trial on Count 9 will be DENIED without prejudice.

B. *Wegers's Motion to Sever Counts 22 to 33*

Next, Wegers and Anderson move to sever Glenn Merritt's trial on Counts 22 to 33, which allege a series of drug-distribution and firearm charges against Merritt alone. (SSI 27–32.) Although each of those counts incorporates the allegations in Count 1 describing the racketeering enterprises's members, means, and methods, Defendants argue that Counts 22 to 33 are improperly joined under Rule 8(b). Specifically, Wegers argues that although the government has wide latitude to join related defendants and counts in a RICO indictment, in this case the government has failed to allege that Merritt's individual criminal activities were part of the Bandidos' pattern of racketeering activity. (Mot. 4–6.) Wegers is

ORDER – 7

correct that Counts 22 to 33 have no analogue among the enumerated Racketeering Acts in Count 2, and that they do not appear to be incorporated into any of the multiple conspiracies set forth elsewhere in the SSI.

However, it does appear from the face of the indictment that the government would be required to introduce the same evidence supporting the existence of the racketeering enterprise in a severed trial as it will in a joint trial. As such, the Court disagrees that the four corners of the indictment preclude a finding that Merritt's individual activities were part of the common scheme or plan of the racketeering enterprise. Although not presented by Wegers's Rule 8(b) arguments, the Court further notes the lack of prejudice to the other defendants in allowing proof on Merritt's individual drug-distribution and weapons charges, as well as the substantial judicial efficiencies created by trying these jointly indicted counts and defendants together.

In sum, the Court cannot conclude at this stage that severance of Counts 22 to 33 is required or even advisable, and accordingly will DENY Wegers's motion without prejudice.

C.   *Anderson's Motion to Sever Count 34*

Finally, defendant Anderson moves to sever his trial on Count 34. Severance of "felon in possession" charges, which require the government to prove at trial that the defendant has been previously convicted of a felony, is proper. *See United States v. Nguyen*, 88 F.3d 812, 815 (9th Cir. 1996). The government agrees that severance is proper but requests a bifurcated trial in which the same jury will remain empaneled for a trial as to Count 34 immediately following the RICO trial. Although the felon-in-possession charge is not closely related to Anderson's RICO charges, the Court finds nothing in the present record indicating that Anderson would be prejudiced by keeping the same jury for his second trial. Accordingly, the Court will GRANT Anderson's motion IN PART, and ORDER his trial on Count 34 to be bifurcated for trial to follow immediately after the conclusion of the RICO trial.

ORDER – 8

## III. VINCENT REEVES

The sole remaining defendant not joined with the RICO Defendants is Vincent Reeves, who is charged in Counts 15, 16, and 17 with conspiracy to traffic in stolen vehicles and vehicle parts and substantive trafficking and wire fraud offenses, respectively. (SSI 22–24.) Reeves is free on bond and has not filed any response to Merritt's motion. Based on the first five findings supporting the trial continuance of the RICO Defendants, the Court finds that a similar continuance is justified here as to Reeves, and that his trial should follow the conclusion of the RICO trial. Accordingly, the Court finds that the need for a continuance, and the ends of justice served thereby, outweighs the best interests of Reeves and the public in a trial at an earlier date. *See* 18 U.S.C. § 3161(h)(8)(A). Reeves' trial date is hereby continued to November 27, 2006.

## III. CONCLUSION AND ORDER

In sum, the Court ORDERS as follows:

**As to Defendants George Wegers, Glenn Merritt, Britt Anderson, Bernard Ortman, and Dale Granmo:**

1. Merritt's motion to continue the trial date (Dkt. No. 873) is GRANTED IN PART, and his current pretrial and trial dates are hereby VACATED.
2. Granmo's motion to sever Count 9 is DENIED.
3. Wegers's motion to sever Counts 22 to 33 is DENIED.
4. Anderson's motion to sever Count 34 is GRANTED IN PART; the Court ORDERS that the jury for the RICO trial remain empaneled for Anderson's trial on Count 34, to follow immediately after the conclusion of the RICO trial.
5. Horlock's severance motion (Dkt. No. 879) is STRUCK without prejudice to refile in the event he withdraws is plea.
6. Defendants Merritt, Wegers, Anderson, Ortman, and Granmo are ORDERED joined for trial on September 25, 2006, with a pretrial-motions deadline of July 21, 2006.

ORDER – 9

7. All time between the date of this Order and September 25, 2006, is excluded from these defendants' Speedy Trial calculations, pursuant to 18 U.S.C. § 3161(h)(8)(A).

**As to Defendant Vincent Reeves:**

1. Reeves's current pretrial and trial dates are VACATED, and his trial date is reset for November 27, 2006, with a pretrial motions deadline of October 13, 2006.

2. All time between the date of this Order and November 27, 2006, is excluded from Reeves's Speedy Trial calculations, pursuant to 18 U.S.C. §§ 3161(h)(8)(A) and 3161(h)(7).

SO ORDERED this 8th day of March, 2006.

*[signature: John C. Coughenour]*

UNITED STATES DISTRICT JUDGE

ORDER – 10