UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>GEORGE WEGERS, et al.,<br><br>  Defendants. | CASE NO. CR05-0231C<br><br>ORDER |

This matter comes before the Court on Defendant George Wegers's motion to modify or remove the "separatee" designation applied to him and his co-defendants who are currently in pretrial detention at FDC SeaTac (Dkt. No. 854). Co-defendants Merritt, Ortman, Granmo, and Anderson have joined the motion. Having carefully considered the memoranda, declarations, and exhibits submitted for and against motion in light of the complete record in this case, and finding oral argument unnecessary, the Court will DENY the motion for the following reasons.

**I.   BACKGROUND**

This motion arises from the government's request to staff at FDC SeaTac to designate each of the defendants joining in this motion as "separatees." As a result of this designation, the separatees are precluded from any contact with each other, including visual contact, and may not be present in the same

ORDER – 1

room with each other at any time.  (*See* Opp'n Attach. B at 20.)  The government asserts that it requested this designation "to avoid any collusion between [Defendants] that may result in witness tampering, harassment, and threats," and that it has received substantiated reports that these threats have continued despite Defendants being placed in pretrial detention.  (Opp'n 4.)  The Second Superseding Indictment ("SSI") also alleges that Wegers, Ortman, and Anderson engaged in witness tampering.  (SSI 15, 18.)

The separatees' access to evidence and counsel has been the subject of correspondence between Magistrate Judge Mary Alice Theiler and SeaTac Warden Robert Palmquist since October 2004 (Opp'n Att. A at 9–11), as well as a standing discovery order (Dkt. No. 305).  At the request of the separatees and the United States Attorney, SeaTac staff have substantially expanded the hours during which separatees may view evidence and meet with counsel, and have further embarked on a renovation of the FDC facilities to create four new "Inmate Electronic Discovery Review Rooms."  (Opp'n Att. D at 25.)  The FDC staff expects these rooms to be ready for use in early August.  (*Id.*)

Despite the parties' attempts to reach a mutually agreeable arrangement, the separatees now argue that their designation impinges on their constitutional rights to effective assistance of counsel before trial.  Specifically, the separatees have identified, through numerous declarations of counsel, three difficulties: (1) meetings with counsel interrupted or cancelled due to another separatee's presence in the facility's visitation area; (2) inability of separatees to efficiently review discovery materials on the few available laptop computers; and (3) prohibition on joint-defense meetings involving all separatees and their respective counsel.  (*See* Mot. 2–3.)

II.     **LEGAL ANALYSIS**

Although the parties do not cite 28 C.F.R. § 524.72(f), that regulation establishes BOP's authority to separate prisoners if they have "exhibited aggressive or intimidating behavior towards other specific individuals, either in the community or within the institution."  That section also provides that a facility may designate as separatees those inmates "from whom there is no identifiable threat, but who are

ORDER – 2

to be separated from others at the request of the Federal Judiciary or U.S. Attorneys." Defendants have not cited, nor has the Court been able to locate, any authority for the proposition that separatee designations authorized under § 524.72(f) cast doubt on a defendant's presumption of innocence or impinges on his constitutional right to effective pretrial assistance of counsel. *Cf. Bell v. Wolfish*, 441 U.S. 520, 539 (1979) ("[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objection, it does not, without more, amount to 'punishment.'").

The Court is cognizant of the logistical challenges facing Defendants and their counsel given the volume of evidence to be reviewed and the scope of the allegations in the SSI. However, following the initial briefing in this matter, the staff at FDC SeaTac extended the hours available for evidence review and attorney meetings. (*See* Opp'n Attach. A at 27.) Moreover, the recent continuance of the trial date to September 26, 2006, provides Defendants with an additional five months to engage in pretrial preparation. (*See* Dkt. No. 934.) This new trial date will also permit Defendants to access the expanded "Inmate Electronic Discovery Review Rooms" that will become available to the separatees in August. (Opp'n Attach. A at 35.) In light of the additional time before trial and expanded access to discovery materials and attorney visits, the Court cannot conclude that the separatee designations give rise to constitutional deprivations or are otherwise improper. *Cf. United States v. Gotti*, 755 F. Supp. 1159, (E.D.N.Y. 1991) (rejecting pretrial detention conditions requiring solitary confinement for 23 hours per day and only one ten-minute phone call per day).

However, it does not appear that permitting Defendants and their counsel to engage in joint defense meetings together would jeopardize the goals served by the overall separatee designation. The government does not oppose such meetings in principle, except to ask that Defendants "seek court authorization, on a limited basis, for defendants and their counsel to confer [jointly] at the FDC." (Opp'n 5 n.4.) Because the views of FDC staff as to the feasibility of such meetings are not apparent from the record, the Court will DIRECT the parties to engage in additional discussions with the goal of

ORDER – 3

agreeing on a reasonable schedule of joint-defense meetings that will not require request-by-request intervention by the Court.

### III. CONCLUSION AND ORDER

For the foregoing reasons, Defendants' motion to modify or remove their separatee designations is DENIED. The parties are DIRECTED to engage in discussions towards an agreement to permit pretrial meetings involving all separatees and counsel together.

SO ORDERED this 20th day of March, 2005.

UNITED STATES DISTRICT JUDGE

ORDER – 4